# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1890V
UNPUBLISHED

| | |
|---|---|
| SHANNON FENNELL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On December 10, 2018, Shannon Fennell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on November 30, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 2, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On February 11, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $105,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $105,000.00 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____
                                     )
SHANNON FENNELL,             )
                                     )
          Petitioner,       )
                                     )     No. 18-1890V
     v.                      )     Chief Special Master Corcoran
                                     )     ECF
SECRETARY OF HEALTH AND   )
HUMAN SERVICES,        )
                                     )
         Respondent.    )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 27, 2019, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§300aa-10 to -34.  Accordingly, on December 2, 2019, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA").

### I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $105,000.00 which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $105,000.00 in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division


   s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-3665

Date:     February 11, 2020